# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| MOSKOWITZ FAMILY LLC, | Civil Action No. 19-cv-672-ADA |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| GLOBUS MEDICAL, INC., | |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF GLOBUS MEDICAL, INC.'S MOTION TO DISMISS OR TRANFER VENUE

## <u>TABLE OF CONTENTS</u>

FACTUAL BACKGROUND ................................................................................................1

ARGUMENT ....................................................................................................................3

    1.      Venue is not proper in this district under 28 U.S.C. § 1400(b). ...........................3

    2.      Venue is more convenient in the District of Delaware under 28 U.S.C.
           § 1404(a). .........................................................................................................6

           a.      The private factors favor transfer. ................................................................7

           b.      The public factors favor transfer. ................................................................8

    3.      The Complaint fails to state a claim for indirect infringement. ...........................9

CONCLUSION ...............................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adaptix, Inc. v. HTC Corp.*,
  937 F. Supp. 3d 867 (E.D. Tex. 2013) ...................................................................7

*Core Wireless Licensing S.A.R.L. v. Apple, Inc.*,
  No. 6:14-cv-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) ..........................10

*In re Cray*,
  871 F.3d 1355 (Fed. Cir. 2017).....................................................................3, 4, 5, 6

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006)...............................................................................9

*Freshub v. Amazon.com Inc.*,
  No. 1:19-cv-99885-ADA, ECF No. 29 ...................................................................7

*Galderma Labs., L.P. v. Teva Pharm. USA, Inc.*,
  290 F. Supp. 3d 599 (N.D. Tex. 2017) ..............................................................2, 4, 5, 6

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009)..........................................................................7, 8

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  131 S. Ct. 2060 (2011)..........................................................................................9

*In re Hoffmann-La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009)..............................................................................8

*Iron Oak Techs., LLC v. Acer Am. Corp.*, C.A. No. 6:17-cv-00143-RP-JCM, 2017
  WL 9477677 (W.D. Tex. Nov. 28, 2017) .........................................................9, 10

*Phillips v. Baker*,
  121 F.2d 752 (9th Cir. 1941) .................................................................................5

*Shapiro v. Ford Motor Co.*,
  359 F. Supp. 350 (D. Md. 1973) ............................................................................4

*Symbology Innovations, LLC v. Lego Systems, Inc.*,
  282 F. Supp. 3d 916 (E.D. Va. 2017) .................................................................4, 5

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  137 S. Ct. 1514 (2017).......................................................................................3, 6

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
  No. 6:12cv366, 2013 WL 8482270 (E.D. Tex. Mar. 6, 2013).................................................10

*Virginia Innovation Sciences, Inc. v. Amazon.com, Inc.*,
  No. 4:18-cv-747, 2019 WL 3082314 (E.D. Tex. July 15, 2019) ...............................................2

*In re Volkswagen AG*,
  371 F.3d 201 (5th Cir. 2004) .........................................................................................6, 7, 8, 9

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) ......................................................................................................7

*In re ZTE (USA) Inc.*,
  890 F.3d 1008 (Fed. Cir. 2018).....................................................................................................3

**Statutes**

28 U.S.C. § 1400(b) ...........................................................................................................1, 3, 6

28 U.S.C § 1404(a) ............................................................................................................1, 6, 7

35 U.S.C. § 271(b) .........................................................................................................................9

**Rules**

Fed. R. Civ. P. 45(c)(1)...............................................................................................................7

Rule 12(b)(3)....................................................................................................................................2

The Western District of Texas is neither a proper, nor a convenient, forum for this case brought by a Plaintiff from a mid-Atlantic state against a Defendant from another mid-Atlantic state. Moskowitz Family LLC ("Moskowitz"), is a Maryland-based limited liability company; Globus Medical Inc. ("Globus") is a Pennsylvania-based Delaware corporation. Globus has no regularly established place of business in this district, despite Moskowitz's attempt to suggest otherwise through crafty pleading. The case should be dismissed for improper venue under 28 U.S.C. § 1400(b), or, at minimum given the inconvenience *to both parties* of litigating here, transferred to the District of Delaware under 28 U.S.C § 1404(a).[1] And because Moskowitz fails to plausibly allege that Globus contributed to or induced third parties to infringe Moskowitz's patents, the Complaint's indirect infringement allegations should also be stricken or dismissed.

## FACTUAL BACKGROUND

Neither of the parties in this case is based in the Western District of Texas. Globus is incorporated in Delaware and based in Audubon, Pennsylvania. Miller Decl. ¶¶4–5. Globus's headquarters are just 150 miles north of Moskowitz's principal place of business, which is in Rockville, Maryland. Compl. ¶2. This case could have been filed in the District of Delaware— which has a courthouse less than 50 miles from Globus's headquarters and just over 100 miles from Moskowitz's headquarters. In contrast, Globus's and Moskowitz's headquarters are both located *more than 1400 miles away* from the Western District of Texas courthouse.

Moskowitz's allegation that Globus has, in addition to its Pennsylvania headquarters, *another* regular and established place of business in the Western District of Texas, *see id.* ¶16, is conclusory, factually incorrect, and easily refuted through the evidence submitted herewith. *See*

---

[1] Venue for this dispute is also proper in the Eastern District of Pennsylvania, where Globus is headquartered. If not dismissed, the case could be transferred there for convenience as well.

1

*Virginia Innovation Sciences, Inc. v. Amazon.com, Inc.*, Civil Action Nos. 4:18-cv-747 *et al.*, 2019 WL 3082314, at *4 (E.D. Tex. July 15, 2019) (recognizing that a trial court may consider evidence submitted with a motion to dismiss based on improper venue); *see also Galderma Labs., L.P. v. Teva Pharm. USA, Inc.*, 290 F. Supp. 3d 599, 605–06 (N.D. Tex. 2017) (recognizing that a trial court may "make factual findings" in a Rule 12(b)(3) venue challenge). Moskowitz's Complaint *does not* state explicitly that a facility located at 5335 Castroville Road in San Antonio (the "Castroville Facility") is a *Globus* "manufacturing facility." Compl. ¶16. But the implication that Globus is conducting manufacturing in this district is clear from Moskowitz's careful pleading.

In fact, in 2015, Globus purchased and renovated the Castroville Facility for use by three of its *subsidiaries*, Tissue Transplant Technology d/b/a Bone Bank Allografts ("BBA"), Human Biologics of Texas ("HBT"), and Transplant Technologies of Texas ("TTT"). Miller Decl. ¶¶7, 12–15. By 2018, Globus had completed all renovations at the Castroville Facility, and leased it to BBA. *Id.* The signage at the Castroville Facility identifies these subsidiaries, as opposed to these Globus, as the owner or operator of the property and the business conducted there. Muzumdar Decl. ¶13.

Crucially, there is absolutely no specific factual explanation in Moskowitz's Complaint regarding what business *Globus itself* supposedly regularly conducts from the Castroville Facility, other than leasing the building out to the identified subsidiaries. Nor does the Complaint provide any factual support for its wholly conclusory allegation of a joint enterprise between Globus and its subsidiaries for the "common purpose to make, use, sell, and offer for sale" products accused of infringement in this case. Compl. ¶ 20. The allegation is also factually incorrect—the truth of the matter is that these subsidiaries have *no role whatsoever* in making, using, selling, or offering to sell the Globus products accused of infringement in this case. Miller Decl. ¶ 9.

2

Moskowitz's Complaint does not allege, and Moskowitz has no basis to allege, any facts suggesting that this Court should ignore corporate distinctions between Globus and its subsidiaries. Even if Moskowitz had made, or sought to make, such allegations, Globus in fact observes all corporate formalities with regard to the three subsidiaries operating from the Western District of Texas location. Miller Decl. ¶¶10–11. Although the companies share some accounting functionalities, Globus's accounts are all separately maintained from those of the subsidiaries in the Western District of Texas. *Id.* Moreover, BBA, HBT, and TTT do not sell exclusively to Globus, and Globus does not purchase exclusively from them. *Id.* ¶8; Muzumdar Decl. ¶8.

## ARGUMENT

1.    **Venue is not proper in this district under 28 U.S.C. § 1400(b).**

 Venue in patent infringement actions is governed by 28 U.S.C. § 1400(b), which requires the plaintiff to file its case in the judicial district where (1) the defendant resides, or (2) where the defendant has "committed acts of infringement and has a regular and established place of business." Because Globus "resides" in Delaware, where it is incorporated, *see TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017), venue is not proper in the Western District of Texas unless Moskowitz establishes that Globus has a "regular and established place of business" in this district, *see In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). Moskowitz has not shown that Globus has such a place of business within this district.

In order for Moskowitz to show that Globus has a "regular and established place of business" in this district, "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). If any one of these three *Cray* requirements is not shown to be satisfied, "venue is improper under § 1400(b)." *Id.*

3

Here, at least the third *Cray* requirement is not satisfied because the Western District of Texas facility that Moskowitz points to in its Complaint is *not* a place where *Globus* conducts its regular business. Moskowitz's contrary allegation is entirely conclusory, and refuted by the evidence submitted herewith. Only three Globus *subsidiaries* conduct their regular business from the Castroville Facility—not Globus itself. *See* Miller Decl. ¶15.

It is well-established that "a subsidiary's presence in the district cannot be imputed to the parent for venue purposes so long as the two entities maintain corporate separateness." *Galderma Labs.*, 290 F. Supp. 3d at 611. "This is true even if the parent corporation controls the subsidiary's operations and the companies share a unitary business purpose." *Id*. For example, in *Symbology Innovations, LLC v. Lego Systems, Inc.*, 282 F. Supp. 3d 916 (E.D. Va. 2017), the court concluded that venue was not proper against named defendant Lego Systems in the Eastern District of Virginia where a separate subsidiary, Lego Brand Retail, operated the Lego retail stores located in the district. *Id.* at 931.

Moskowitz's Complaint does not challenge, either directly or implicitly, the corporate separateness of Globus and its three subsidiaries operating from the Western District of Texas facility. *See Symbology*, 282 F. Supp. 3d at 932 n.14 (noting that the plaintiff did not allege facts supporting or argue for corporate veil-piercing to support venue). Nevertheless, the truth is that Globus maintains corporate separateness, such that it cannot be forced to litigate where its subsidiaries operate their own business. The companies maintain separate bank accounts, and prepare separate profit and loss statements; not all officers and directors are the same. Miller Decl. ¶¶10–11. This kind of overlap between accounting functions "does not 'overweigh the otherwise strict adherence to the formal separateness of [the parent] and its subsidiaries.'" *Shapiro v. Ford Motor Co.*, 359 F. Supp. 350, 352 (D. Md. 1973) (filing combined financial statements, audit

4

reports, and tax returns did not undermine Ford's corporate separateness from subsidiaries). Indeed, as in *Symbology*, the relationship between Globus and its subsidiaries is "attenuated" because the subsidiaries do not sell exclusively to Globus and Globus does not purchase exclusively from them. *See* 282 F. Supp. at 932; Miller Decl. ¶8; Muzumdar Decl. ¶8.

Moskowitz also cannot meet the second *Cray* requirement. Globus's business, if any, conducted at the Castroville Facility is not "steady[,] uniform[,] orderly[, and] methodical." *Galderma Labs.*, 290 F. Supp. 3d at 610. The only business that Moskowitz alleges that Globus conducts there is "leasing the property and manufacturing facility to its wholly-owned subsidiary." Compl. ¶16. This type of business is too far removed from Globus's core business of designing, manufacturing, and selling medical devices to subject Globus to venue in this district. *See Cray*, 871 F.3d at 1362 (quoting *Phillips v. Baker*, 121 F.2d 752, 756 (9th Cir. 1941) ("A 'regular place of business' is … not … for some special work or particular transaction.")).

Finally, in an apparent attempt to bolster its dubious claim that Globus has a regular and established place of business in the Western District of Texas, Moskowitz's Complaint also alleges that Globus has employees in Texas, with "[m]any" of these employees located in the Western District of Texas. Compl. ¶ 18. Not only is this allegation entirely irrelevant to the *Cray* inquiry regarding the above-discussed facility, but the supporting exhibit supplied by Moskowitz—supposedly showing 18 Globus employees allegedly working from within the district—is highly inaccurate. Ten of the listed persons are current or former employees of the *subsidiaries* operating from the Castroville Facility, not of *Globus*—with one of these persons listed twice, under both her maiden and her married names. Muzumdar Decl. ¶14. Three are employees of third-party distributors, rather than of either Globus or any of the Globus subsidiaries. Miller Decl. ¶16.

The remaining six Western District persons identified by Moskowitz are all current or former Globus *sales representatives*. *Id.* Moskowitz does not allege that any of these persons work in the Castroville Facility. The presence of Globus's sales representatives, working from home or in disparate locations throughout the Western District of Texas rather than from the subsidiaries' Castroville Facility, does not support venue under *Cray*. *See Galderma Labs.*, 290 F. Supp. 3d at 610 ("The [*Cray*] third requirement … means that it cannot be solely a place of the defendant's employee, such as an employee's home, if that employee works from home."). Here, where the sales representatives in question were not required to store medical equipment at their homes, and were not reimbursed for the use of their home offices, Miller Decl. ¶16, the employees' homes (like the Castroville Facility) are not Globus's own regular and established business places. *See id.*

> 2. **Venue is more convenient in the District of Delaware under 28 U.S.C. § 1404(a).**

Even if venue were proper in this district, the Court should still transfer venue to Delaware "[f]or the convenience of parties and witnesses" and "in the interest of justice." *See* 28 U.S.C. § 1404(a). To satisfy § 1404(a), the moving party must show that the "claim could have been filed" in the district to which transfer is sought, and, on balance, private and public factors favor the transfer. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

Here, there is no doubt that Moskowitz could have filed its lawsuit in the District of Delaware. Globus is incorporated in Delaware, and venue is proper there under § 1400(b). *See also TC Heartland LLC*, 137 S. Ct. at 1517 (2017). Delaware—or the Eastern District of Pennsylvania, where Globus is headquartered and where venue is also proper—is far more convenient than the Western District of Texas, as judged by private and public factors.

### a. The private factors favor transfer.

The first private factor is "the relative ease of access to sources of proof." *Volkswagen I*, 371 F.3d at 203. Even though technology permits the digital transfer of documents, courts still look to where documentary evidence is stored, *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008) ("*Volkswagen II*"), and in patent infringement suits, courts expect "the majority of evidence to come from the accused infringer." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). In this case, the District of Delaware courthouse is very close to both Globus's headquarters in Pennsylvania, where Globus employees designed the accused devices, and Moskowitz's headquarters in Maryland. Access to both parties' relevant physical documents would thus be more convenient if the parties were instead litigating in the District Delaware. *Id.*

The availability of compulsory process is a second factor that supports transfer. *Volkswagen II*, 545 F.3d at 316. "Transfer is favored when a transferee district has absolute subpoena power over a greater number of non-party witnesses." *Adaptix, Inc. v. HTC Corp.*, 937 F. Supp. 3d 867, 874 (E.D. Tex. 2013). This is because a subpoenaed witness can be required (1) to attend a trial, hearing or deposition within 100 miles of where the witness lives or works; or (2) to attend trial within the state where the witness lives or works if without substantial expense. Fed. R. Civ. P. 45(c)(1). Here, given that Globus is located less than 50 miles from the District of Delaware courthouse and Moskowitz just over 100 miles from that courthouse, the potential to compel testimony from unwilling, non-party witnesses is far more likely in Delaware than here.

The location of key technical witnesses also supports transfer. *See Freshub v. Amazon.com Inc.*, No. 1:19-cv-99885-ADA, ECF No. 29, at 1 (opining that the location of witnesses is "[o]f greatest import"). "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses

increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204–05. Here, where Globus has thus far identified several employees who are likely witnesses in this case, all of whom reside in Pennsylvania and none of whom reside in the Western District of Texas, *see* Miller Decl. ¶17, this factor strongly favors transfer.

The final private factor considers all "other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen I*, 371 F.3d at 203. This factor is neutral. Neither the Western District of Texas, nor the alternative forums, have experience with the patents in suit.

### b.  The public factors favor transfer.

The public factors also favor transfer to an alternative forum. *See Volkswagen I*, 371 F.3d at 206. Because this lawsuit relates to patents allegedly infringed by devices developed at Globus' headquarters, it affects Globus engineers and managers, most of whom live and work around Pennsylvania. *See In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009). In contrast, there is no local interest in the Western District—few residents of the district have a relationship to Globus, and Moskowitz has no apparent connection to this district at all.

The risk of court congestion is either a neutral factor, or favors transfer to an alternative forum. According to the National Judicial Caseload Profile,[2] the Eastern District of Pennsylvania currently has a median wait time to trial of 19.6 months while the District of Delaware had a median wait time of 32.8 months; in comparison, the median wait time to trial in the Western District of Texas is 29 months. Therefore, "[t]o the extent court congestion is relevant," this factor is neutral or favors transfer. *See Genentech*, 566 F.3d at 1347.

---

[2] *See* United States Courts, Caseload Statistics, https://www.uscourts.gov/sites/default/files/ data_tables/fcms_na_distprofile0930.2019.pdf (updated Sept. 30, 2019).

Finally, the third and fourth public interest factors are neutral because they involve the relative familiarity of the forum with the law governing the case and the avoidance of unnecessary conflict of laws problems. *Volkswagen I*, 371 F.3d at 203. Because both courts are experienced in patent law, and there are no concerns about application of foreign law, this factor is neutral.

      3.           **The Complaint fails to state a claim for indirect infringement.**

The complaint contains nearly identical allegations of indirect and contributory infringement. *See, e.g.*, Compl. ¶¶42, 59, 68, 77, 89, 101, 109, 136 (indirect infringement claims); *id.* ¶137 (contributory infringement claim). Such boilerplate pleading fails to provide the level of specificity mandated by the Supreme Court. *See, e.g.*, *Iron Oak Techs., LLC v. Acer Am. Corp.*, C.A. No. 6:17-cv-00143-RP-JCM, 2017 WL 9477677, at *4 (W.D. Tex. Nov. 28, 2017).

To allege induced infringement under 35 U.S.C. § 271(b), a plaintiff must plead sufficient facts to raise a plausible inference that defendant, among other things, "specifically intended to induce the third-party's direct infringement." *Id.* (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006)). "There must be some showing by the Plaintiff of the accused infringer's 'taking of affirmative steps to bring about the desired result [of infringement]." *Id.* (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2065 (2011)). Moskowitz's generalized assertions that Globus "indirectly infringes" patents "by contributing to the direct infringement of third parties," and by providing its customers with "product manuals, brochures, videos, demonstrations, and website materials," do not raise any such plausible inference. *See* Compl. ¶¶ 42, 59, 68, 77, 89, 101, 109, 136. Notably, Moskowitz uses nearly identical language in all its indirect infringement allegations, although the patents-in-suit are "substantively different and would not be infringed upon in an identical fashion." *Iron Oak*, 2017 WL 9477677, at *6.

Moskowitz's indirect infringement claims are very similar to the claims that were dismissed in *Iron Oak Technologies*, 2017 WL 9477677, at *5. In *Iron Oak*, the plaintiff cited to a "Limited Warranty Agreement" as evidence that the defendant induced its customers to infringe the patents in suit, and the court concluded that the plaintiff did not provide "sufficient factual support" for its indirect infringement claims. 2017 WL 9477677, at *5. Here, the mere allegation that Globus provided *unidentified* instructional materials to its customers is not sufficient to state a claim. *See U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12cv366 MHS-JDL, 2013 WL 8482270, at *4 (E.D. Tex. Mar. 6, 2013) (allegations that defendant "provides 'instructions' to its customers who allegedly infringe do not create a reasonable inference of inducement").

Moskowitz's generic contributory infringement allegations are also too conclusory to satisfy federal pleading standards. Moskowitz provides no facts concerning the medical devices' potentially substantial infringing uses, but instead simply asserts that unidentified "third parties" are filling the '319 Accused Products with "bone graft material," and the products "have no substantial non-infringing uses." Compl. ¶137; *see Core Wireless Licensing S.A.R.L. v. Apple, Inc.*, No. 6:14-cv-752-JRG-JDL, 2015 WL 4910427, at *4 (E.D. Tex. Aug. 14, 2015) (dismissing similar claim for failure to state a claim). However, as the court explained in *Core Wireless* when faced with similar allegations, "with such a lack of clarity and specificity, it is impossible to derive a plausible inference that the accused hardware/software has not substantial non-infringing uses." *Id.* at *5. Moskowitz's contributory infringement claim should be stricken for the same reason.

## **CONCLUSION**

For the foregoing reasons, the entire case respectfully should be dismissed for improper venue, or transferred to the District of Delaware; and Plaintiff's indirect infringement claims should also be dismissed on the merits for failure to state a claim.

Respectfully submitted,

*/s/ Mark Hatch-Miller*

John P. Lahad
TX State Bar No. 24068095
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel.: 713-651-9366
Facsimile: 713-654-6666
jlahad@susmangodfrey.com

Jacob Buchdahl (NY Bar No. 2903383)
(Admitted *Pro Hac Vice*)
Arun Subramanian (NY Bar No. 4611869)
(Admitted *Pro Hac Vice*)
Mark Hatch-Miller (NY Bar No. 4981635)
(Admitted *Pro Hac Vice*)
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
jbuchdahl@susmangodfrey.com
asubramanian@susmangodfrey.com
mhatch-miller@susmangodfrey.com

Attorneys for Defendant
*Globus Medical Inc.*

11