**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **MOSKOWITZ FAMILY LLC.,** § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | **CIVIL ACTION 6:19-cv-00672-ADA** | |
| § | | |
| **GLOBUS MEDICAL, INC.,** § | **JURY TRIAL DEMANDED** | |
| *Defendant.* § | | |
| § | | |

**ORDER GRANTING DEFENDANT GLOBUS MEDICAL'S
MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

Came on for consideration this date the Motion of Defendant Globus Medical, Inc. ("Globus Medical") to Transfer Venue under 28 U.S.C. § 1404(a), filed on January 27, 2020. ECF No. 22. Plaintiff Moskowitz Family LLC ("Moskowitz") responded on February 7, 2020 (ECF No. 26) and Globus Medical replied on February 21, 2020. (ECF No. 29). After careful consideration of the above briefings, the Court **GRANTS** Globus Medical's motion to transfer the case to the Eastern District of Pennsylvania.

**I.  Factual Background and Procedural History**

Moskowitz filed this lawsuit in the Western District of Texas ("WDTX") on November 20, 2019 alleging infringement of U.S. Patent Nos. 8,353,913; 9,889,022; 10,028,740; 10,076,376; 10,307,268; 10,241,643; 10,376,386; and 10,478,319 (the "Asserted Patents"). ECF No. 1. According to Moskowitz, these patents advanced the state of the art of spinal surgery by providing less invasive spinal implants combined with improved surgical methods, tools, and systems of implantation. *Id.* at ¶ 5. Moskowitz alleges that Globus Medical and its subsidiaries infringe on the Asserted Patents through its development, manufacturing, marketing, and sale of

1

certain products (the "Accused Products") used in spinal and orthopedic procedure. ECF No. 1 at ¶ 15. Globus Medical filed a motion to transfer venue under 28 U.S.C. § 1404(a) requesting that the case be transferred to the District of Delaware or, alternatively, the Eastern District of Pennsylvania ("EDPA"). ECF No. 22 at 1 n.1, 6.[1]

## II. Standard of Review

Title 28 U.S.C. § 1404(a) provides that, for the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (*Volkswagen II*) (quoting 28 U.S.C. § 1404(a)). Once this requirement has been met, the party moving for transfer carries the burden of showing good cause. *Volkswagen II*, 545 F.3d at 314. ("When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must . . . clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'") (quoting 28 U.S.C. § 1404(a)).

In the Fifth Circuit, the "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include:

---

[1] Globus Medical also filed a motion to dismiss within this filing, but later filed a partial withdrawal only affecting the motion to dismiss. ECF No. 38. The Court will only consider the motion to transfer venue.

"(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*Volkswagen I*) (citing to *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

A plaintiff's choice of venue is not an independent factor in the venue transfer analysis, and courts must not give inordinate weight to a plaintiff's choice of venue. *Volkswagen II*, 545 F.3d at 314 n.10 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege."). However, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315. A court may "consider undisputed facts outside the pleadings, but it must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party." *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 WL 4620636, at *2 (E.D. Tex. May 22, 2018). The briefings submitted by Globus Medical and Moskowitz primarily focused on the relative ease of access to sources of proof and convenience of witnesses, and the Court has taken their additional arguments into consideration in determining whether to grant the Motion to Transfer.

**III.     Discussion regarding transfer to the District of Delaware or the EDPA**

Both parties agree that the District of Delaware and EDPA would be proper venues, and the suit could have been filed in either the District of Delaware or the EDPA.

### a. Relative ease of access to sources of proof

In considering the relative ease of access to sources of proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored. *Volkswagen II*, 545 F.3d at 316. Globus Medical argues that its relevant employees that designed the Accused Products and its relevant documents are located at Globus Medical's headquarters in Pennsylvania. ECF No. 22 at 7. Moreover, Moskowitz's headquarters in Maryland is much closer to Delaware and Pennsylvania than Texas. *Id.* As such, Globus Medical contends that the relevant witnesses and documents are more easily accessed in Delaware and Pennsylvania. *Id.*

Moskowitz argues that Globus Medical fails to identify the specific relevant documents that are located at the companies' headquarters. ECF No. 26 at 5. Moskowitz further argues that "most evidence today is provided in electronic format and can be made available at the click of the mouse." *Id.* (quoting *MV3 Partners LLC v. Roku, Inc.*, No 6:18-CV-308-ADA, ECF No. 74 at 4 (W.D. Tex. June 25, 2019)). Moskowitz also identifies several non-party entities and individuals, such as doctors using the Accused Products, in the WDTX that likely maintain physical evidence relevant to Moskowitz's indirect infringement claims. *Id.* at 5–6. In addition, Moskowitz identifies three Globus subsidiaries in this district that are relevant to Moskowitz's infringement claims. *Id.* at 6. For example, Moskowitz has identified several Globus products that infringe U.S. Patent No. 10,478,319 by incorporating bone graft material provided by its subsidiaries in this district. *Id.*

In its reply, Globus Medical questions why doctors in the WDTX would have evidence distinct from doctors who use the Accused Products in other districts or from Globus Medical

itself. ECF No. 29 at 6. Globus Medical also argues that the acquisition of the bone graft material from the subsidiaries is inconsequential. *Id.* Globus Medical points out that the infringement contentions will focus only on whether and how Globus Medical's accused products use the material rather than the specifics of the acquisition of the material. *Id.* Globus Medical concludes that the Texas subsidiaries do not possess any relevant witnesses or evidence related to infringement through the bone graft material. *Id.*

In coming to its conclusion, the Court considered the location of the relevant documents and witnesses. *See Volkswagen II*, 545 F.3d at 316. As Globus Medical is the accused infringer, Globus Medical likely possesses the bulk of the relevant documents for this case. *See, e.g.*, *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."). Moskowitz argues that doctors using the Accused Products and the subsidiaries located in the WDTX have relevant evidence. *See* ECF No. 22 at 5–6. However, the Court agrees with Globus Medical that these doctors likely do not have any unique evidence regarding indirect infringement. *See* ECF No. 29 at 6. Without unique evidence, the doctors in the WDTX would have more difficulty providing evidence than doctors located in Pennsylvania or Delaware who could provide the same evidence. Moskowitz does not distinguish how the doctors in the WDTX are unique from doctors practicing in Pennsylvania or Delaware, so the Court is not inclined to give the doctors in the WDTX any weight in its analysis. *See* ECF No. 26 at 5. The Court also does not give any weight to the subsidiaries of Globus Medical. *See* ECF No. 29 at 6. While the subsidiaries provide material that contribute to the Accused Products, Moskowitz does not identify the potential testimony relevant to infringement that could be provided by the subsidiaries. *See id.* at

6. Therefore, in accordance with Fifth Circuit precedent, the Court finds that the location of the documents relevant in this case weighs towards transfer.[2]

When determining the weight and impact of the location of witnesses, this Court looks at the totality of the circumstances, including but not limited to, "the witness's title and relevant experience, the likelihood that a witness may have relevant information, the number of witnesses, the location of those witnesses, whether the testimony of those witnesses goes to an element of a claim, the amount of public information available to the parties, etc." *Fintiv,* 2019 WL 4743678, at *8. As mentioned above, the Court does not give any weight to the doctors or the subsidiaries identified by Moskowitz. *See* ECF No. 26 at 5–6. The Court notes that the headquarters of both parties are located in Pennsylvania and Maryland, so the relevant party witnesses are closer to Delaware and Pennsylvania as opposed to Texas. *See* ECF No. 22 at 7. Moskowitz points to Mr. Anthony Williams as a potential third-party witness who lives in California and could more easily travel to Texas. *See* ECF No. 26 at 7. However, one non-party witness does not outweigh the substantially greater number of party witnesses at the headquarters of both parties. As such, the location of witnesses weighs in favor of transfer. Therefore, the "relative ease of access" factor weighs heavily towards transfer.

### b. Availability of compulsory process to secure the attendance of witnesses

---

[2] As noted previously in *Fintiv*, the Court believes that this factor conflicts with the realities of modern patent litigation. *Fintiv,* 2019 WL 4743678, at *4. Most documents produced in modern patent litigation exist as electronic documents on a party's server. In this Court's view, there is no difference in the relative ease of access to sources of proof from the transferor district as compared to the transferee district when the vast bulk of documents are electronic. District courts—particularly those with patent-heavy dockets which have very significant document productions—have recently begun to acknowledge this reality. *Uniloc USA Inc. v. Samsung Elecs. Am.*, No. 2:16-cv-00642-JRG, ECF No. 216 at 8-9 (E.D. Tex. Apr. 19, 2017) ("Despite the absence of newer cases acknowledging that in today's digital world computer stored documents are readily moveable to almost anywhere at the click of a mouse, the Court finds it odd to ignore this reality in favor of a fictional analysis that has more to do with early Xerox machines than modern server forms."). However, under current Fifth Circuit precedent, the physical location of electronic document does affect the outcome of this factor. *See, e.g., Volkswagen II*, 545 F.3d at 316.

The Court considers the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order. *Volkswagen II*, 545 F.3d at 316. A court may subpoena a witness to attend trial only "within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(1)(A); *Gemalto S.A. v. CPI Card Grp. Inc.*, No. 15-CA-0910, 2015 WL 10818740, at *4 (W.D. Tex. Dec. 16, 2015). Similarly, a court may subpoena a witness within the state when the witness is a party, an officer of the party, or a person who would not incur substantial expense when commanded to attend trial. FED. R. CIV. P. 45(c)(1)(B). Moreover, the ability to compel live trial testimony is crucial for evaluating a witnesses' testimony. *Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 419 (5th Cir. 1992).

Globus Medical argues that the ability to compel testimony from unwilling, non-party witnesses is far greater in the District of Delaware and the EDPA than in the WDTX. ECF No. 22 at 7. Globus Medical is located less than fifty miles from the District of Delaware courthouse and Moskowitz is just over 100 miles away, so Globus Medical argues that either the District of Delaware or the EDPA could potentially exercise compulsory process. *Id.*

Moskowitz points out that Globus Medical does not specifically identify any third-party witnesses that would be inconvenienced by litigating in the WDTX or that are within the absolute subpoena power of the District of Delaware. ECF No. 26 at 6. Moskowitz identifies several third-party witnesses in Texas, some within the WDTX. *Id.* Moskowitz also identifies Anthony Williams, former Senior Vice President of Business Development and General Counsel of Globus, as a third-party witness residing in California. *Id.* at 7.

As mentioned above, the Court gives no weight to the doctors or the subsidiaries within the WDTX. The Court also give no weight to Globus Medical's assertion that more unwilling,

third-party witnesses may exist within the compulsory power of the District of Delaware or the EDPA as opposed to the WDTX. *See* ECF No. 22 at 7. Just as the Court discounted Moskowitz's contention that doctors within the WDTX had relevant information, the Court also requires more than a statement that third-party witnesses may exist to merit consideration. *See* ECF No. 26 at 5–6. As party witnesses do not require compulsory process, the only relevant witness remaining is Mr. Williams. *See* ECF No. 26 at 7; FED. R. CIV. P. 45(c)(1)(B). However, as Mr. Williams resides in California, neither the WDTX, the District of Delaware, or the EDPA can exercise compulsory process over Mr. Williams. *See id.* Therefore, the "availability of compulsory process" factor weighs toward neutral.

### c. Cost of attendance for willing witnesses

The convenience of witnesses is the single most important factor in the transfer analysis. *In re Genentech, Inc.*, 566 F.3d at 1342. The Court considers all potential material and relevant witnesses. *Fintiv*, 2019 WL 4743678, at *6. However, the Court assumes that no more than a few party witnesses—and even fewer third-party witnesses, if any—will testify at trial, so long lists of potential party and third-party witnesses do not affect the Court's analysis for this factor. *Id.* at *13. The convenience of party witnesses is given relatively little weight compared to non-party witnesses. *See ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc.*, No. A-09-CA-773-LY, 2010 WL 1170976, at *4 (W.D. Tex. Mar. 23, 2010), report and recommendation adopted in A-09-CA-773-LY (ECF No. 20) (Apr. 14, 2010). "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled." *In re Genentech, Inc.*, 566 F.3d at 1343.

Globus Medical points to several employees as likely witnesses who reside in Pennsylvania and not in the WDTX. ECF No. 22 at 8. (citing Declaration of Robert Miller at ¶17). Moskowitz notes again that Globus Medical fails to identify any third-party witnesses that would be inconvenienced by traveling to WDTX. ECF No. 26 at 6. Moskowitz reiterates that several third-party witnesses reside in Texas including Globus Medical's subsidiaries in the district that supply Globus with materials related to Moskowitz's infringement claims. *Id.* Moskowitz argues that these witnesses would have to bear more costs to appear in Delaware or Pennsylvania rather than the WDTX. *Id.*

The Court considers the cost of attendance for party and non-party witnesses but gives the cost of attendance of non-party witnesses considerably more weight. *See ADS Sec. L.P.*, 2010 WL 1170976, at *4. As mentioned above, the Court gives no weight to the doctors or the subsidiaries within the WDTX. The Court notes that the WDTX will be more convenient for Mr. Williams rather than the District of Delaware or the EDPA. *See* ECF No. 26 at 7. However, the Court cannot look past the greater number of party witnesses for both Moskowitz and Globus Medical who would face significantly more inconvenience by appearing in the WDTX as opposed to either the District of Delaware or the EDPA. *See* ECF No. 22 at 8. (citing Declaration of Robert Miller at ¶17). Therefore, the "convenience of witnesses" factor weighs towards transfer.

### d. All other practical problems that make trial of a case easy, expeditious and inexpensive

When examining practical problems, this Court considers problems such as those rationally based on judicial economy which will weigh heavily in favor of or against transfer. *In re Volkswagen of Am., Inc.,* 566 F.3d 1349, 1351 (Fed. Cir. 2009) (*Volkswagen III*). Globus Medical asserts that this factor is neutral as neither the District of Delaware, the EDPA, or the

9

WDTX have experience with the patents in suit. ECF No. 22 at 8. Moskowitz agrees that this factor should weigh as neutral. ECF No. 26 at 7. The Court also agrees.

### e. Administrative difficulties flowing from court congestion

The relevant inquiry under this factor is actually "[t]he speed with which a case can come to trial and be resolved[.]" *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). Globus Medical argues that this factor should weigh at worst neutral or favors transfer. Globus Medical points to the EDPA's median time-to-trial of 19.6 months and the District of Delaware's median time-to-trial of 32.8 months. ECF No. 22 at 8 (citing *Caseload Statistics*, UNITED STATES COURTS (updated Sept. 30, 2019), https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_dist profile0930.2019.pdf). Globus Medical compares these times to the median time-to-trial in the WDTX of twenty-nine months. *Id.* Moskowitz argues that Globus Medical ignores this Court's default Order Governing Proceedings for Patent Cases ("OGP") providing a time-to-trial of 15.5 months which is faster than both the District of Delaware and the EDPA. ECF No. 26 at 7–8. Globus Medical points out that the Court's default scheduling order expressly contemplates potential amendments based on the circumstances of the case. ECF No. 29 at 7. Globus Medical asserts that the actual time-to-trial for the WDTX is about twenty to twenty-four months, not 15.5 months. *Id.* Globus Medical also argues that this particular case may have a longer time to trial since Moskowitz has asserted eight patents and accused several products of infringement. *Id.* at 8.

The Court notes that most recent patent cases in the last few years were likely in the Austin Division. Since the Austin Division has one of the highest caseloads per judge in the country, the overall WDTX time-to-trial may not be representative of the time-to-trial in the

Waco Division which has a patent-specific Order Governing Proceedings ("OGP"). In the Court's OGP, trial is scheduled to begin forty-four to forty-seven weeks after the Markman hearing. In this case, the Markman hearing is set for August 3, 2020, and the trial is still scheduled for forty-four to forty-seven weeks after the Markman hearing or as soon as practicable. *See* ECF No. 46. As such, the Court is well within its OGP while a transfer could substantially impact the expediency of the trial. In addition, the Court points out that the problems identified by Globus Medical regarding the multiple patents asserted and products accused will also affect the transferee court. *See* ECF No. 29 at 8. As such, those problems do not weight for or against transfer. Therefore, the Court finds that "the administrative difficulties flowing from court congestion" factor weighs against transfer due to this Court's faster time to trial for patent cases.

### f. Local interest in having localized interests decided at home

Globus Medical argues that the Globus Medical headquarters in Pennsylvania where the Accused Products were developed by Globus engineers and managers, most of whom live and work around Pennsylvania, should hold considerable weight. ECF No. 22 at 8. (citing *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009)). Globus Medical alleges that the WDTX has no local interest as few residents of the district have a relationship to Globus Medical and Moskowitz has no apparent connection to this district. *Id.*

Moskowitz contends that neither party has any local interests in the District of Delaware. ECF No. 26 at 8. Moskowitz reiterates that doctors (and therefore patients) in this District are providing care using Globus's products in violation of Moskowitz's patents which represents a local interest. *Id.* Moskowitz again points to third-party suppliers in the WDTX (including

11

Globus Medical subsidiaries) involved in the infringement which also creates a local interest. *Id.* (citing *Fintiv*, 2019 WL 4743678, at *16).

In its reply, Globus Medical disputes Moskowitz's assertion that the use of allegedly infringing products in the WDTX creates an "important or personal" interest in this case. ECF No. 29 at 7 (citing ECF No. 26 at 8). Moskowitz identifies no authority supporting this proposition, so Globus Medical asks the Court to focus on where the accused products' development occurred and where the developers reside. *Id.* (citing *Wireless Recognition Techs. LLC v. A9.com, Inc.*, 2012 WL 506669, at *6 (E.D. Tex. Feb. 15. 2012)). Globus Medical also disagrees with Moskowitz's contention that Globus's reliance on third-party suppliers in Texas creates a local interest. *Id.* (citing ECF No. 26 at 8 (citing *Fintiv*, 2019 WL 4743678, at *8)). Globus Medical notes that the plaintiff's principal place of business in *Fintiv* was located in the venue, and the third-party supplier in question was "one of WDTX's largest employers." *Id.* (citing *Fintiv*, 2019 WL 4743678, at *8). Globus Medical concludes that the WDTX has no local interest because Moskowitz is not based in the WDTX, and Globus Medical's suppliers are not major employers in the WDTX. *Id.*

The Court acknowledges that the doctors and the suppliers in the WDTX do create a local interest for the WDTX. *See* ECF No. 26 at 8. However, the interest created by the WDTX doctors can be easily matched by the interest created by doctors in other districts such as the EDPA and the District of Delaware. The Court has already dismissed the significance of the subsidiaries in this analysis. If the Court were to consider the subsidiaries, the interest created by a third-party supplier would still be far outweighed by the significant interest created by the headquarters of the alleged infringer. *See* ECF No. 29 at 7. Therefore, the "local interest" factor weighs towards transfer.

### g. Familiarity of the forum with the law that will govern the case

Both parties agree that this factor is neutral. ECF No. 22 at 9 (Globus Medical), ECF No. 26 at 8 (Moskowitz). The Court also agrees.

### h. Avoidance of unnecessary problems of conflict of laws or in the application of foreign law

Both parties agree that this factor is neutral. ECF No. 22 at 9 (Globus Medical), ECF No. 26 at 8 (Moskowitz). The Court also agrees.

### i. Conclusion

Having found that the cost of attendance and local interest factors weigh in favor of transfer, the relative ease of access factor weighs heavily towards transfer, the court congestion factor weighs against transfer, and the other factors being neutral, the Court finds that Globus Medical has shown good cause that both the District of Delaware and the EDPA are "clearly more convenient" to warrant transfer. *See Volkswagen II*, 545 F.3d at 314 n.10, 315.

In the interest of justice and for the convenience of parties and witnesses, the Court will transfer this case to the more convenient venue between the EDPA and the District of Delaware. *See* 28 U.S.C. § 1404(a). The Court notes that the EDPA has a faster time to trial than the District of Delaware. *See* ECF No. 22 at 8 (citing *Caseload Statistics*, UNITED STATES COURTS (updated Sept. 30, 2019), https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2019.pdf). The Court also considers that the headquarters of Globus Medical is located in the EDPA. *See* ECF No. 22 at 8. The EDPA will have relatively easier access to the relevant witnesses and evidence, and the witnesses will likely have more convenience appearing in the EDPA. In addition, the Court finds that the EDPA has a greater local interest as opposed to the District of Delaware. For these reasons, the Court determines that the EDPA is a more

convenient venue for this case than the District of Delaware. Therefore, the Court finds that Globus Medical has demonstrated that the EDPA is clearly more convenient than the WDTX.[3]

### IV. Conclusion

It is therefore **ORDERED** that Globus Medical's motion for transfer venue to the Eastern District of Pennsylvania is **GRANTED**.

**SIGNED** this 2nd day of July, 2020.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

---

[3] If either Globus Medical or Moskowitz prefers the District of Delaware, both parties may submit supplemental briefing to demonstrate that transfer to the District of Delaware is warranted over transfer to the EDPA.