# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOSKOWITZ FAMILY, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GLOBUS MEDICAL, INC,<br><br>    Defendants. | Civ. No. 2-20-cv-03271 |

**RESPONSIVE EXPERT REPORT OF MICHAEL C. SHERMAN
REGARDING NON-INFRINGEMENT OF
UNITED STATES PATENT NOS.
8,353,913; 9,889,022; 10,028,740;
10,307,268; 10,478,319; and 10,251,643**

*/s/ Michael C. Sherman*
Michael C. Sherman

April 4, 2022



### 2. The Accused Products Do Not Have A Connecting Support Structure

79. Claim 1 requires "a connecting support structure defining a first hole sized and configured for receiving the first curvilinear nail screw and a second hole sized and configured for receiving the second curvilinear nail screw such that the first curvilinear nail-screw is held with respect to the second curvilinear nail-screw with the first curvilinear nail-screw extending into the first vertebral body without penetrating pedicles and the second curvilinear nail-screw extending into the second vertebral body without penetrating pedicles." The Court has not construed "connective support structure." Dr. Rosenberg opines that the "plate" of each of the implants constitutes the claimed "connecting support structure." Rosenberg Ex. H, p. 65-66. I disagree. First, Dr. Rosenberg does not attempt to support his interpretation of the claim language. Second, the nature of the claim language strongly suggests that "connecting support structure" is used in the claim language in a means-plus-function manner. The claim itself does not recite a sufficiently definite structure. In fact, claim 1 gives no tangible structure to this term other than to say that it has two holes.

44

80. The specification identifies the structure that performs the "connecting" function: "the inter-connection of HTCNs (*horizontal*-*transvertebral curvilinear nail-screw*)[occurs] with either **rigid rods**, or multiple embodiments of **jointed flexible rods**[.]" Ex. 3 at 2:6–9. The embodiments are consistently described as being "directed to one or more HTCNs, one or more interconnecting rigid rods, and one or more interconnecting jointed flexible rods." *Id.* at 2:34–36; *see also id.* at 1:28–30; 2:64–3:3; 4:17–23; 6:12–14; 9:61–10:5. A person of ordinary skill, reading the specification, would understand that the "connecting support structure" in the claims is the rigid rod or a jointed flexible rod positioned on the posterior aspect of the spine as described in the specification or its structural equivalent, which does not include a spacer plate.

81. Third, even if "connecting support structure" is not construed as a means-plus-function term, equating the "connecting support structure" with the spacer plate is inconsistent with the specification's description of this element. For example, the specification states: "Once the surgeon is satisfied with the position and placement of the HTCNs either in unilateral or bilateral adjacent vertebral bodies, interconnecting rods that are either rigid, or jointed, can be attached and locked to the HTCNs achieving rigid or flexible fusion depending on the need of the patient and the choice of the surgeon." 2:65-3:3. Figure 4A of the '740 Patent (shown below) illustrates a rigid connecting rod and nail-screw construct. Figures 5A, 6A, and 7A show other constructs using a jointed rod as the connecting support structure.



82. All of this is inconsistent with a plate as the connecting support structure. In fact, in my opinion, a person of ordinary skill in the art would understand that the connecting supporting structure was a rod or some other posterior longitudinal element, and not the plate or a spacer. In addition to the figures 4A, 5A, and 6A mentioned above, figures 4B-E, 6B-D and 8A-D all depict the interconnecting rods that are either rigid, or jointed, **on the posterior aspect of the spine**. There is no embodiment discussed or illustrated in the '740 Patent that contemplates an anterior application, let-alone an anterior interbody application. Unless this term is given a construction such as this that accords with the specification, a person of ordinary skill in the art would not understand with reasonable certainty the scope of the claimed invention to be exclusively posterior. Because the Accused '740 Products do not have a "connecting support structure" as properly understood and interpreted by a skilled artisan, there is no infringement.