IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOSKOWITZ FAMILY LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GLOBUS MEDICAL, INC.,<br><br>    Defendant. | Civil Action No. 2:20-cv-03271 |

**GLOBUS MEDICAL INC.'S RULE 50(A) MOTION
FOR JUDGMENT AS A MATTER OF LAW ON
MOSKOWITZ FAMILY LLC'S INFRINGEMENT CLAIMS**

Defendant Globus Medical, Inc. ("Globus") respectfully moves for judgment as a matter of law under Federal Rule of Civil Procedure 50(a), as permitted by the Court on the record at the close of Plaintiff Moskowitz Family LLC's ("Moskowitz") case.

**I.      Legal Standard**

Judgment as matter of law is appropriate when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). "A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury," and "[t]he motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2).

This Court applies Third Circuit law in deciding whether to grant or deny a motion for judgment as a matter of law. *See Barry v. DePuy Synthes Prod., Inc.*, No. CV 17-3003, 2023 WL 4868455, at *7 (E.D. Pa. July 31, 2023). "The verdict may be directed after the plaintiff's case is presented, when it is clear that completion of the trial is unnecessary in that the only sustainable verdict could be in favor of the defendant." *See id.* (cleaned up) (quoting *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1064 (Fed. Cir. 1998)).

1

**II.     Globus is entitled to judgment as a matter of law on Moskowitz's direct infringement claims as to all three patents.**

**A.     Legal standard**

Direct infringement occurs when the patented "invention" is made, used, or sold. *See* 35 U.S.C.A. § 271(a).

**B.     Globus does not directly infringe the '740 patent because the surgeon, not Globus, creates the accused implant structures during the surgery.**

Claim 1 of the '740 patent is an apparatus claim. It claims: "1. A spinal fusion implant comprising" two "curvilinear nail-screw[s]" and a "connecting support structure." '740 Patent, 13:27-64.

The Federal Circuit's decision in *Cross Medical* is on all fours. *Cross Med. Prod., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1299 (Fed. Cir. 2005). In that case, Medtronic was accused of directly infringing a patent that claimed "[a] fixation device for the posterior stabilization of one or more bone segments of the spine." *Id.* There, as here, Medtronic *manufactured* the device's components and then delivered them to the operating room. The *surgeon* then assembled those components into the accused "fixation device" during the surgery. Therefore, Medtronic did not directly infringe the patent. "[I]f anyone makes the claimed apparatus, it is the surgeons, who are, as far as we can tell, not agents of Medtronic. Because Medtronic does not itself make an apparatus with the 'interface' portion in contact with bone, Medtronic does not directly infringe." *Id.* at 1311.

Here, Globus provides the surgeon with a "surgical set" that contains various components that the surgeon then assembles. These surgical sets include the intervertebral implant (a static "spacer") in various sizes; screws of various sizes; and curved bone anchors of various sizes. During surgery, the surgeon decides whether to use screws, anchors, or a combination of screws and anchors. The surgeon inserts these fasteners through the holes of the spacer and into the

patient's vertebrae in order to install the spacers in the patient's spine. This is clear from the Surgical Technique Guides for these products.[1] These guides make clear that the "surgical sets" arrive at the operating room with these components separate and not yet assembled. For example, PTX-0194.0005 shows the disassembled components that are provided prior to the start of the surgery:



Plaintiff's expert Dr. Rosenberg admitted that the *surgeon*—not Globus—decides whether to use anchors or screws in these Accused '740 Products. Tr., Day 4 (Dec. 7), 35:8-16 (Q. "[T]he question of whether to use screws or anchors in these products accused of infringing the '740 patent, that is left to the – the surgeon's discretion; correct? A. Correct."). Although a Globus representative might be present during the surgery, the decision of which fasteners to use is made by the surgeon who installs them—as Dr. Rosenberg admitted.  *See* Tr., Day 3 (Dec. 6), 233:18-21 ("Q. And you certainly don't rely on any kind of, like, medical device representative to teach you how to perform spinal procedure, right? A. That's correct.").

---

[1] PTX-0194.00012 (HEDRON IA Surgical Technique Guide) ("HEDRON IA may be used with three anchors, three screws, or any combination of screws and anchors."); PTX-0192.0013 (INDEPENDENCE MIS Technique Guide) (similar); PTX-0038-0018 (COALITION MIS Technique Guide) (similar); PTX-1846.0011 (CORBEL Technique Guide) (similar).

Because the surgeon, and not Globus, takes the final step of assembling the accused configurations of spacers and curved bone anchors, Globus does not directly infringe. *Cross Med.*, 424 F.3d at 1299.

### C. Globus does not directly infringe the '268 and '319 patents because the surgeon, not Globus, creates the accused "system" during the surgery.

The '268 and '319 patents are "system" claims. Claim 1 of the '268 Patent claims a system "comprising:" (1) "an intervertebral expandable implant"; (2) a "first tool" and (3) "a second adjusting tool." '268 Patent, 13:1-14:37. Claim 1 of the '319 Patent claims a system "comprising:" (1) a "tool assembly which comprises" (a) "a first tool" and (b) "a second adjusting tool" and (2) "an expandable spinal implant." '319 Patent, 12:64-13:36.

The Accused '268 and '319 Products are six expandable implants and *certain* tools that *may* be used to install them. *See infra* at 10-13. Globus typically provides the surgeon with a "surgical set" containing all the Globus tools that may be used to install the implants. *Some* of the tools in the "surgical set" are not even accused of infringing the patents. *Id.* at 22:15-22 (DTX-499 and DTX-500, the Magnify-S offset inserter and lateral inserter); Tr. Dec. 7, 36:23-37:5 (DTX-501, the lateral inserter used with RISE-L and ELSA); *id.* 38:9-11 (the SABLE expandable extractor).

The *surgeon*, and not Globus, is the actor who decides which tools to use to install the implant. *See* Tr. Dec. 6, 218:15-219:5; *id.* 232:22-233:6 (surgeons do not use the Globus technique guides during surgery). Indeed, the surgeon need not use *any* of Globus's tools. Plaintiff's own expert Dr. Rosenberg conducted his pre-trial analysis of Globus's expandable implants by installing them in spinal models using *different* non-Globus tools that he already possessed. Tr., Dec. 6, 153:4-10. Dr. Rosenberg had no evidence (no data, surveys, or statistics) indicating how

4

often or how frequently surgeons used any tool to install Globus products. Tr. Dec. 7, 219:6-11; *id.* 223:2-5; Tr. Dec. 8, 35:23-36:1.

The accused "system" is not created until the surgeon selects which of the many potential tools are available to him to use to install the accused implant. Thus the surgeon, and not Globus, is the actor who completes the claimed "system" in the operating room. Direct infringement does not occur until the surgeon makes her decision about which tool to use with the selected implant. Therefore, Globus does not directly infringe the '268 and '319 Patents. *Acceleration Bay LLC v. 2K Sports, Inc.*, 15 F.4th 1069, 1078 (Fed. Cir. 2021) (no direct infringement where defendant manufacturer's "customer completes the system"); *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1288 (Fed. Cir. 2011) (same).

**III.     Globus is entitled to judgment as a matter of law on Moskowitz's induced infringement claims as to all three patents.**

**A.     Legal standard**

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To prove induced infringement, Moskowitz must establish three elements: (1) that "a third party directly infringed the asserted claims"; (2) that Globus "induced those infringing acts" and (3) that Globus "knew the acts it induced constituted infringement." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1332 (Fed. Cir. 2016).

Induced infringement claims "require proof that the defendant's conduct occurred after the defendant (1) knew of the existence of the asserted patent and (2) knew that a third party's acts constituted infringement of the patent." *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 249 (D. Del. 2021) (emphasis added) (citing *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015)). However, "the Complaint itself cannot be the source of the knowledge required to sustain claims of induced infringement." *Id.* at 250. "The purpose of a complaint is to

5

obtain relief from an existing claim and not to create a claim." *Helios Streaming, LLC v. Vudu, Inc.*, Case No. 19-1972-CFC, 2020 WL 3167641, at *2 n.1 (D. Del. June 15, 2020); *see also Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990) (reversing district court's willfulness finding because defendant (a) lacked any knowledge of the patents prior to the filing of the lawsuit and (b) had non-"frivolous" defenses); *CR Bard Inc. v. AngioDynamics, Inc.*, No. CV 15-218-JFB-SRF, 2023 WL 3750649, at *19 (D. Del. June 1, 2023) ("A finding of willfulness should have a start date.").

> **B.     Globus is entitled to judgment as a matter of law on Moskowitz's induced infringement claims because Globus did not have pre-suit knowledge of the Asserted Claims.**

The Court should grant judgment as a matter of law as to Moskowitz's claims of induced infringement because a reasonable jury would not have a legally sufficient evidentiary basis to find that Globus knew about the Asserted Claims before Moskowitz filed its Complaint. *ZapFraud*, 528 F. Supp. 3d at 249. In dismissing Moskowitz's claim of willful infringement, the Court already determined correctly that there is no evidence in the record of Globus's pre-suit knowledge of the asserted patents.

The fact that Globus continued manufacturing and selling the Accused Products after the Complaint was filed cannot be the basis for Moskowitz's induced infringement claim because, as a matter of law, the Complaint "cannot be the source of knowledge" supporting an induced infringement claim. *Id.*

> **C.     Globus is entitled to judgment as a matter of law on Moskowitz's indirect infringement claims under the '740 and '268 Patent because Moskowitz has failed to prove the amount of damages in the post-complaint period.**

Even if the filing of the Complaint were enough to provide Globus with the knowledge of the patents required to make Globus liable for induced infringement (and this is not enough, *see ZapFraud*, 528 F. Supp. 3d at 249), Globus would still be entitled to judgment as a matter of law

6

for an alternative reason: Moskowitz has failed to provide any evidence at all of the royalty base for the time period *after* the filing of the complaint in this case.

The issuance dates are July 24, 2018 (the '740 Patent) and June 4, 2019 (the '268 Patent). The Complaint was not filed until November 20, 2019.

Moskowitz's expert only provided the jury with the royalty base from the time the patents issued until September 2023. Tr., Dec. 8, 103:7-23 (stating sales of the Accused 740 Products from "July '18"); *id.* 103:24-104:5 (stating total sales of RISE and RISE-L, the only Accused '268 Products, since June 2019).

Because a reasonable jury would be unable to render a legally sufficient damages award tied solely to *post*-complaint induced infringement of the '740 and '268 Patents, Globus is entitled to judgment as a matter of law on the claims of induced infringement of those patents.

> **D.     Globus is entitled to judgment as a matter of law on Moskowitz's indirect infringement claims as to the '740 Accused Products and most of the 268/319 Accused Products because there is insufficient evidence of direct infringement by the surgeons.**

Globus is also entitled to judgment as a matter of law on Moskowitz's induced infringement claims for a third reason: that Moskowitz has not presented "specific instances of direct infringement" by third parties. *ACCO Brands, Inc. v. ABA Locks Mfrs. Co.*, 501 F.3d 1307, 1312-13 (Fed. Cir. 2007). Moskowitz must "either [1] point to specific instances of direct infringement or [2] show that the accused device necessarily infringes the patent in suit." *Id.*; *see also Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1364 (Fed. Cir. 2012) (the evidence "must show that at least one person directly infringed an asserted claim during the relevant time period").

As for the first way of satisfying this requirement—i.e., showing "specific instances of direct infringement"—a reasonable jury would have no legally sufficient basis for making such a finding. Dr. Rosenberg admitted that he himself did not use the accused products; that he could

not identify "a single person by name who has been induced to use one of the accused products," and that he had not done any kind of survey to identify whether "any" other surgeons used the accused products "in the manner that" Moskowitz claims to infringe. Tr., Dec. 6, 223:12-224:10 ("Q. So even today you can't name for me – identify a single person by name who has been induced to use one of the accused products, correct? A. Correct.").

As for the second way of satisfying this requirement—showing that the accused device "necessarily infringes," *ACCO Brands*, 501 F.3d at 1313—Moskowitz has not introduced any evidence that most of the Accused Products "necessarily infringe." All of the '740 Accused Products, and most of the '268 and '319 Accused Products, have *non-infringing* configurations and systems, as described further below. "Because the accused device can be used at any given time in a noninfringing manner, the accused device does not *necessarily* infringe" and thus the induced infringement claim fails as a matter of law. *Id.* at 1313.

### 1. Surgeons Do Not *Necessarily* Assemble the Accused '740 Products Into Infringing Configurations

The Court *already* found it "undisputed" that the products accused of infringing the '740 Patent do not "necessarily infringe." *Moskowitz Family LLC v. Globus Medical, Inc.*, 2022 WL 17876699, at *14 (E.D. Pa. Dec. 22, 2022). The evidence at trial confirms that finding. There are non-infringing configurations of each of the four products accused of infringing the '740 Patent—HEDRON IA, INDEPENDENCE MIS, CORBEL, and COALITION MIS. When the surgeon installs the Accused '740 Products using screws, rather than curved bone anchors, the assembled implants do not infringe. Tr., Day 3 (Dec. 6), 172:2-181:13.

**HEDRON IA:** HEDRON IA has three holes for receiving anchors or screws. Globus instructs surgeons that they can use three screws, three anchors, or a combination of screws and anchors with HEDRON IA. PTX-0194.00012 (HEDRON IA Surgical Technique Guide)

8

("HEDRON IA may be used with three anchors, three screws, or any combination of screws and anchors."). Moskowitz's infringement expert, Dr. Rosenberg, agreed that surgeons can assemble HEDRON IA into multiple non-infringing combinations, and the surgeon decides which combination of anchors and screws to use in the surgery. Dec. 6 Trial Tr. at 172:2-181:13. Moskowitz accuses only two of five possible combinations of screws and anchors of infringement. Tr., Dec. 7, 34:7-35:8 (Dr. Rosenberg identifies the configurations of the Hedron implant, shown in DTX-508, DTX-510, and DTX-512, as non-accused); *see also* Exhibit 1 (photos of the five configurations shown at trial).

**INDEPENDENCE MIS:** INDEPENDENCE MIS likewise has three holes for receiving anchors or screws. Globus instructs surgeons that they can use three screws, three anchors, or a combination of screws and anchors with INDEPENDENCE MIS. PTX-0192.0013 (INDEPENDENCE MIS Technique Guide). The surgeon decides which combination to use. Dec. 6 Trial Tr. at 177:15-16 ("Q. You can use a combination of anchors and screws, right? A. That's correct."). The same configurations, shown in Exhibit 1, are available with this product.

**CORBEL:** CORBEL has three holes for receiving anchors or screws. Globus instructs surgeons that they can use three screws, three anchors, or a combination of screws and anchors with CORBEL, and the surgeon decides which to use. PTX-1846.0011 (CORBEL Technique Guide); Dec. 6 Trial Tr. at 177:15-16. The same configurations, shown in Exhibit 1, are available with this product.

**COALITION MIS**: COALITION MIS has two holes for receiving anchors and screws. Globus tells surgeons they may use COALITION MIS with two anchors, two screws, or one screw and one anchor, and the surgeon decides which combination to use. PTX-0038-0018 (COALITION MIS Technique Guide); *see also* Tr., Dec. 5, 220:8-15 ("The implant doesn't

require two anchors at all times. You may be able to use one anchor and one screw, but anytime the anchor is used, it goes through the bone screw hole on the anterior face of the implant.").

The evidence thus confirms that Globus did not have a specific intent to induce infringement because it offered surgeons multiple non-infringing options and did not require surgeons to use an accused combination of anchors and screw. *Power Integrations, Inc.*, 843 F.3d at 1331-32. Nor did Moskowitz survey surgeons to identify how regularly, if at all, an accused configuration is used. There is no legally sufficient basis for a reasonable jury to find that Globus recommended that surgeons *necessarily* use the 740 Accused Products in infringing combinations, rather than the non-infringing options also available to them.

### 2. Non-Infringing Systems for Installing Most of the Accused '268 and '319 Products

The evidence also demonstrated that Globus provided surgeons with non-infringing tools for installing four of the six expandable implants accused of infringing the '268 and '319 Patents—RISE-L, ELSA, MAGNIFY-S, and SABLE.

Globus's Surgical Technique Guides, which describe these products' use, make clear that the surgeon has at least two inserter options. Tr., Dec. 6, 232:25-233:21. However, it is the surgeon's choice which to tool use. Tr., Dec. 6, 218:15-18 ("Q. And, again, you understand that the surgeon has the option of using this tool or this tool -- with the RISE-L and the ELSA, correct? A. I do understand that."), *id.* 218:23-24 ("Q. And the surgeon gets all -- both options, right? A. Correct."). And because it is the surgeons' choice, there is a legally insufficient evidentiary basis for a jury to conclude that Globus had a specific intent to induce infringement of the '268 and '319 Accused Products. *Id.* at 232:24-234:14.[2]

---

[2] This testimony by Dr. Rosenberg is correct, and it flatly contradicts his earlier opinions, relied on by the Court at summary judgment, to the effect that "surgeons do not have the ability to

10

Moskowitz did not present a survey establishing how regularly surgeons used an accused tool, rather than a tool that does not infringe. *Id.* at 219:6-11; *see also* Dec. 8, 2023 Trial Tr. at 35:20-36:1 ("Q. To be absolutely clear, you have no data, surveys, statistics, or other hard facts to – regarding how often or how frequently surgeons use one tool over the other; correct? A. That is correct."). Because there are multiple non-infringing combinations of the accused implants and tools, there is insufficient evidence to support a jury's finding that Globus's accused products "necessarily infringe," as required by *ACCO Brands*, 501 F.3d at 1313. The same evidence also demonstrates that Globus did not have a specific intent to induce infringement. Where a manufacturer offers its customers multiple options, some of which do not infringe, the claim of induced infringement must fail as a matter of law. *Power Integrations*, 843 F.3d at 1331-32 (Fed. Cir. 2016) ("induced infringement requires actual inducement").

Below is a summary of the relevant exhibits and testimony regarding each of the non-accused systems for RISE-L, ELSA, MAGNIFY-S, and SABLE.

**RISE-L:** Globus offers surgeons two inserter tools for use with the RISE-L expandable implant. PTX-0059.0006 (RISE-L Technique Guide). Moskowitz accuses only one of the two inserter tools of infringement. *Id.* at 217:7-219:11.

---

choose between more than one insertion tool." *Moskowitz Family LLC v. Globus Medical, Inc.*, 2022 WL 17876699, at *11 (E.D. Pa. Dec. 22, 2022).

**RISE-L and ELSA Inserter Options**



PTX-0059.0006, PPX-058, DTX-501.

**ELSA:** Globus also offers surgeons two inserter tools for use with the ELSA expandable implant. PTX-0357.0006 (ELSA Technique Guide). ELSA uses the same inserter tools as RISE-L (pictured above). Moskowitz accuses only one of the inserter tools of infringement. *Id.* at 217:7-219:11.

**MAGNIFY-S:** Globus offers surgeons three inserter tools for use with the MAGNIFY-S expandable implant. PTX-0276.009 (MAGNIFY-S Surgical Technique Guide). Moskowitz accuses only one of the three inserter tools of infringement. Tr., Dec. 6, 221:18-223:5.

**MAGNIFY-S Inserter Options**



12

PTX-0276.009; PPX-064, DTX-503-504.

**SABLE:** Globus offers surgeons two inserter tools for use with the SABLE spacer. PTX-0214.0008-0009 (SABLE Surgical Technique Guide). Moskowitz accuses only one of the two inserter tools of infringement.

**SABLE Inserter Options**



PTX-0214.0008-0009; PPX-063, DTX-506.

**IV.     Globus preserves its other oral motions for judgment as a matter of law.**

At the Court's instruction, Globus preserves its additional bases for judgment of matter of law without further briefing.[3]  Globus also does not address here the claims of willful infringement

---

[3] The Court directed Globus not to fully brief four additional grounds for judgment as a matter of law that Globus raised orally on the record.  These additional grounds are noted here in order to fully preserve them for post-verdict motion practice and appeal: (1) no direct infringement as a matter of law of the '319 Patent because there is a legally insufficient evidentiary basis for a jury to find that the Accused Products have a "gripper . . . cooperating with the . . . handle"; (2) no direct infringement as a matter of law of the '268 Patent because there is a legally insufficient evidentiary basis for a jury to find that the Accused Products have an "end gap between the first and second opposing side surfaces at a first end of the first vertebral body engagement surface"; (3) no direct infringement as a matter of law of the '740 Patent because there is a legally insufficient evidentiary basis for a jury to find that the accused anchors have a "curved trajectory" along a "single continuous arc"; and (4) no legally sufficient basis for damages because the method used by Paul Meyer, Moskowitz's damages expert, is unreliable for at least two reasons. First, Mr. Meyer fails to apportion damages to the accused systems and implants. Mr. Meyer admitted that the royalty base he relied upon included revenue that Globus earned from sales of products not

13

and contributory infringement, since the Court has already ruled as a matter of law that Moskowitz has not presented sufficient evidence of willfulness and since Moskowitz voluntarily dropped its claim of contributory infringement on December 11, 2023.

## CONCLUSION

For the foregoing reasons, Globus respectfully requests that the Court GRANT Globus's motion for judgment as a matter of law.

Dated: December 13, 2023

/s/ *Steven M. Shepard*
John P. Lahad (TX Bar No. 24068095)
Chanler A. Langham (TX Bar No. 24053314)
**SUSMAN GODFREY L.L.P**.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
(713) 651-9366
jlahad@susmangodfrey.com
clangham@susmangodfrey.com

Jacob Buchdahl (NY Bar No. 2903383)
Mark Hatch-Miller (NY Bar No. 4981635)
Steven M. Shepard (NY Bar No. 5291232)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
(212) 336-8330
jbuchdahl@susmangodfrey.com
mhatch-miller@susmangodfrey.com
sshepard@susmangodfrey.com

Lora J. Krsulich (CA Bar No. 315399)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3145
lkrsulich@susmangodfrey.com

---

accused of infringement; he further admitted that he did not make any attempt to apportion damages to the accused systems and configurations. Dec. 8, 2023 Trial Tr. at 115:9-13, 115:24-116:9, 117:3-24, 127:12-23, 128:5-12, 128:20-129:1. Second, Mr. Meyer's 10% royalty rate is based on inadmissible and unreliable evidence, namely, the DePuy Synthes-Globus settlement and the unauthenticated purported DePuy-Alphatec settlement.

14

Gaetan J. Alfano (32971)
**PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP**
1818 Market Street, Suite 3402
Philadelphia, PA 19103
(215) 320-6200
gja@pietragallo.com

*Attorneys for Defendant Globus Medical Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 13th day of December, 2023 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

*/s/ Lora Krsulich*
Lora J. Krsulich (CA Bar No. 315399)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
lkrsulich@susmangodfrey.com
