IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | : | |
|---|---|---|
| **MOSKOWITZ FAMILY LLC** | : | |
| | : | **CIVIL ACTION** |
| *Plaintiff*, | : | |
| | : | |
| v. | : | No. 20-3271 |
| | : | |
| **GLOBUS MEDICAL, INC.** | : | |
| | : | |
| *Defendants.* | : | |
| | : | |

_____

### MEMORANDUM OPINION

**Goldberg, J.**                                                                                                                    August 13, 2024

After prevailing in a patent jury trial held in December 2023, Defendant Globus Medical, Inc. now seeks costs pursuant to Federal Rule of Civil Procedure 54(d) and attorneys' fees under 35 U.S.C. § 285.

By way of brief background, Plaintiff Moskowitz Family LLC holds several patents pertaining to spinal implants designed to reduce adverse outcomes in spinal fusion patients. Defendant Globus Medical, Inc. is a spinal fusion company that sells intervertebral spinal implants.

On November 20, 2019, Plaintiff sued Defendant alleging both direct and indirect infringement of these various patents. Defendant counterclaimed on invalidity grounds. Following a jury trial held from December 4, 2023 to December 13, 2023, a jury returned a verdict finding that Plaintiff had not met its burden of proving, by a preponderance of the evidence, infringement by certain of Defendant's accused products of specified claims on three of the patents-in-suit (the '269 patent, the '319 patent, and the '740 patent). The jury also found that Defendant had not met its burden of proving, by a preponderance of the evidence, that the specified claims of three of the patents-in-suit were invalid.

Plaintiff subsequently filed Motion for Judgment as a Matter of Law under Federal Rule of Civil Procedure 50(a) and/or for a New Trial Under Federal Rule of Civil Procedure 59. I denied both Motions on August 13, 2024.

## I. MOTION FOR COSTS UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(d)

Defendant seeks costs and fees from Plaintiff, as a "prevailing party" pursuant to Federal Rule of Civil Procedure 54(d). Defendant has attached supporting documents to substantiate a request for $68,724.15 in total taxable costs.

Subsequent to Defendant's Motion for Costs being filed, Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Federal Circuit. Our Court's Local Rule 54.1(a)(2) explicitly states that "[n]o costs will be taxed during the pendency of any appeal, motion for reconsideration, or motion for a new trial." E.D. Pa. Local R. Civ. P. 54.1(a)(2). Accordingly, Defendant's Motion for Costs is not yet ripe. Following the Federal Circuit's decision on appeal, Defendant may renew its Motion, and Plaintiff will have an opportunity to respond.

## II. MOTION FOR ATTORNEYS' FEES UNDER 35 U.S.C. § 285

Defendant also seeks attorneys' fees in the amount of $321,508, pursuant to 35 U.S.C. § 285. Defendant asserts that Plaintiff's continued prosecution of the '913 and '022 Patents in the face of an unambiguous claim construction, clear claim language, and its own statements make the case "exceptional."

Under 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." Id. When deciding whether to award attorney fees under § 285, a district court engages in a two-step inquiry. MarcTec LLC v. Johnson & Johnson, 664 F.3d 907, 915–16 (Fed. Cir. 2012).

First, the court must determine whether the prevailing party has proved by clear and convincing evidence that the case is exceptional. Forest Labs., Inc. v. Abbott Labs., 339 F.3d 1324, 1327 (Fed. Cir. 2003). "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive

strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." Id. "A case may be deemed exceptional under § 285 where there has been 'willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Federal Rule of Civil Procedure 11, or like infractions.'" MarcTec, LLC, 664 F.3d at 916 (quoting Serio-US Indus., Inc. v. Plastic Recovery Techs. Corp., 459 F.3d 1311, 1321–22 (Fed. Cir. 2006)). Where a patentee "prolongs litigation in bad faith, an exceptional finding may be warranted." Id. (quoting Computer Docketing Station Corp. v. Dell, Inc., 519 F.3d 1366, 1379 (Fed. Cir. 2008)). "Absent litigation misconduct or misconduct in securing the patent, a district court can award attorney fees under § 285 only if the litigation is both: (1) brought in subjective bad faith; and (2) objectively baseless." Id. "Under this standard, a patentee's case 'must have no objective foundation, and the plaintiff must actually know this.'" Id. (quoting iLOR, LLC v. Goodgle, Inc., 631 F.3d 1372, 1377 (Fed. Cir. 2011)).

If the district court finds that the movant has proven that the case is exceptional, the district court then determines the amount of attorneys' fees. Courts in the Third Circuit typically employ the lodestar approach. Brytus v. Spang & Co., 203 F.3d 238, 242 (3d Cir. 2000). The determination of reasonable attorneys' fees is matter committed to the sound discretion of the district court judge. In re Rembrandt Techs. LP Patent Litig., 899 F.3d 1254, 1278 (Fed. Cir. 2018).

Here, to understand the basis behind Defendant's Motion, some context is appropriate. On August 25, 2021, I issued a claim construction order for the various patents-in-suit. Two of those patents—the '913 Patent and the '022 Patent—required a "universal, intervertebral bone fusion spacer" and a "universal, intervertebral combination internal screw guide and fixation apparatus," respectively. The parties asked that I construe the term "universal" as used in these patents. Following a Markman hearing, I construed the term to mean "an intervertebral bone fusion spacer designed to be inserted

3

between [vertebrae/vertebral bodies] in any region of the spine, *i.e.*, cervical, thoracic, or lumbar, using any approach, *e.g.*, posterior, anterior, or lateral." (D.I. 143, at p. 9.)

Given that construction, Defendant advised Plaintiff that it could not maintain an infringement case against the products accused of infringing the '913 and '022 patents because the accused products were not "universal." Defendant requested that Plaintiff stipulate to entry of a non-final judgment of noninfringement as to those two patents and suggested that Plaintiff's refusal to do so could constitute grounds for finding an exceptional case under 35 U.S.C. § 285 (D.I. 162-2.) Plaintiff responded that it disagreed with Defendant's interpretation of the Court's construction on multiple grounds. Plaintiff sought to meet and confer with Defendant, and, in the event the parties could not resolve the dispute, Plaintiff indicated that it would seek clarification. (D.I. 162-4.)

On September 30, 2021, Plaintiff filed a motion for clarification of the term "universal." On February 3, 2022, I denied that motion and reaffirmed my original construction. As such, on February 7, 2022, Defendant re-raised its request that Plaintiff stipulate to non-infringement of the '913 and '022 patents since the claim construction foreclosed any continued good-faith prosecution of those infringement claims. On February 14, 2022, Plaintiff withdrew its infringement allegations for the claims in which the term "universal" appeared as a limitation in the body of the claims but maintained its infringement allegations for the claims in which the "universal" term appeared only in the claim preambles. Plaintiff argued that the relevant claims' preambles were not limiting.

Defendant then moved for summary judgment as to the infringement claim involving the '913 and '022 patents. Plaintiff opposed the motion, asserting that the preambles were not limiting but conceding that if the Court deemed the preamble limiting, the accused products would not infringe the '913 and '022 patents. Ultimately, I agreed with Defendant and granted summary judgment on Plaintiff's claims of direct infringement of the '022 and '913 patents. On January 26, 2023, Plaintiff notified Defendant that it would not present any infringement arguments about the '913 and '022 patents.

Defendant now argues that Plaintiff's course of conduct with respect to the '913 and '022 patents renders this case exceptional under § 285 and warrants an award of attorneys' fees. (See Def.'s Mot. for Costs at pp. 7–10 (citing Princeton Digital Image Corp. v. Ubisoft Enmt. SA, No. 13-cv-335, 2021 WL 4033220 (D. Del. Sept. 3, 2021) (finding case exceptional where plaintiff was aware that its infringement theory relied on a misunderstanding of how the accused products worked, which was made clear by the time of the claim construction hearing); Verna IP Holdings, LLC v. Alert Media, Inc., No. 21-cv-422, 2023 WL 5918320 (W.D. Tex. Sept. 11, 2023) (finding case exceptional where court construed preambles of asserted claims to be limiting, which undermined plaintiff's infringement theory, but plaintiff refused to dismiss case)). It contends that after I issued the claim construction order defining the term "universal," Plaintiff should have known that its infringement claims regarding the '913 and '022 patents were meritless. Defendant further presses that Plaintiff's motion for clarification was a red herring, and that Plaintiff improperly opposed summary judgment, thus prolonging this litigation as to the two patents.

I do not find that this case rises the level of "exceptional" for purposes of an award of attorneys' fees under § 285. Considering first "the substantive strength of [Plaintiff's] litigation position," including objective reasonableness, Gaymar Indus, Inc. v. Cincinnati Sub-Zero Prods., Inc., 790 F.3d 1369, 1373 (Fed. Cir. 2015), the parties' dispute over the term "universal" was not frivolous, and the claim term required construction. Thereafter, although I found my construction to be clear, Plaintiff appropriately sought clarification to confirm that the term was, in fact, consistent with Defendant's litigation position—i.e., that any implant must be designed to fit in every region of the spine using every surgical approach. Upon issuance of the clarification order, Plaintiff dismissed any claims that contained the term within the claim body. It continued, however, to advance the argument that, to the extent the term appeared in the preamble of a claim, it was not limiting based on the "general rule" that "preamble language is not treated as limiting." Aspex Eyewear, Inc. v. Marchon Eyewear, Inc., 672 F.3d 1335, 1347 (Fed. Cir. 2012). This position was neither unfounded nor objectively unreasonable, and my

5

resolution of the parties' dispute required extensive legal analysis.  Ultimately, I disagreed with Plaintiff's position, but that ruling did not equate with a finding that its arguments were vexatious, unjustified, made in bad faith, or advanced for the purpose of prolonging litigation.  After the grant of summary judgment, Plaintiff withdrew its allegations of infringement for the '913 and '022 patents.

I also must consider Defendant's own zealousness as part of the totality of the circumstances before me.  <u>Romag Fasteners, Inc. v. Fossil, Inc.</u>, 866 F.3d 1330, 1340 (Fed. Cir. 2017).  It could be argued that Defendant resisted appropriate discovery and used motions *in limine* as a means of litigating several issues on which I had already ruled, such as admissibility of the Synthes/Globus license.  While Defendant did not succeed in several of these efforts, its actions constituted vigorous advocacy in a complicated patent case, much akin to Plaintiff's actions with respect to the term "universal."  Such advocacy does not constitute misconduct and does not warrant an award of attorneys' fees.

Finally, I note the overall professionalism of all counsel throughout this case.  The parties were able to reach agreements on various disputes, stipulate to certain facts, narrow issues for trial, and conduct themselves with a high level of competence and courtesy.  To now find this case "exceptional" would be antithetical to the conduct that the attorneys displayed.

In short, I will deny Defendant's Motion for Attorneys' Fees pursuant to § 285.  An appropriate Order follows.